UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH T. CORRADI, | ) | CASE NO. 4:17CV1311 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | GEORGE J. LIMBERT |
| v. | ) | |
| | ) | |
| LANE FUNERAL HOMES, INC., | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

This matter is before the undersigned on a motion for judgment on the pleadings filed by Defendant Lane Funeral Homes, Inc. ("Defendant") on August 30, 2017. ECF Dkt. #10; ECF Dkt. #10-1. Plaintiff Joseph T. Corradi ("Plaintiff") filed a response on October 2, 2017. ECF Dkt. #14. Defendant filed a reply on October 16, 2017. ECF Dkt. #15. For the following reasons, the Court GRANTS Defendant's motion for judgment on the pleadings (ECF Dkt. #10) and DISMISSES the instant case in its entirety with prejudice.

## I.   FACTUAL AND PROCEDURAL HISTORY

On March 14, 2017, Plaintiff, through his bankruptcy attorney, filed a Chapter 13 Voluntary Petition (the "Chapter 13 Petition") in the United States Bankruptcy Court, Northern District of Ohio seeking relief from his debts.[1] *In re Corradi*, Case No. 17-40448 (Bankr. N.D. Ohio, *pending*); ECF Dkt. #10-2; ECF Dkt. #10-3. In conjunction with his Chapter 13 Petition, Plaintiff filed a schedule of property that required him to answer the following question:

> 33.   Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment
>
> *Examples*: Accidents, employment disputes, insurance claims, or rights to sue

---

[1] Petitioner has been represented by counsel since the inception of his bankruptcy proceedings. *See* ECF Dkt. #10-2. In his bankruptcy case, Petitioner has been represented by a bankruptcy attorney. The attorney representing Plaintiff in the instant discrimination and retaliation case did not enter an appearance in Plaintiff's bankruptcy case until September 2017, well after the United States Bankruptcy Court had confirmed the Chapter 13 Plan. *See id.*

ECF Dkt. #10-3 at 15. Plaintiff answered this question in the negative by marking the "No" box provided after the question, and, at the end of the form, signed his name to the declaration indicating that he declared, under penalty of perjury, that he had read the summary and schedules filed with the declaration and that they were true and correct. *Id.* at 15, 31. On the same day he filed his Chapter 13 Petition, March 14, 2017, Plaintiff also filed a Chapter 13 Plan. ECF Dkt. #10-2. Additionally, in March 2017 Plaintiff received a Dismissal and Notice of Rights letter from the United States Equal Employment Opportunity Commission ("EEOC") in response to a Charge of Discrimination he submitted in March 2016 alleging that Defendant engaged in discriminatory and retaliatory behavior. ECF Dkt. #1-1; ECF Dkt. #1-2. On April 20, 2017, the United States Bankruptcy Court confirmed Plaintiff's Chapter 13 Plan, and set claims deadlines of July 18, 2017, for private creditors and September 18, 2017, for government creditors. ECF Dkt. #10-2.

On June 22, 2017, Plaintiff filed the instant case alleging that Defendant violated a number of laws prohibiting discrimination and retaliation. ECF Dkt. #1. On August 30, 2017, Defendant filed the motion for judgment on the pleadings that is the subject of the instant Memorandum Opinion and Order. ECF Dkt. #10; ECF Dkt. #10-1. At the time Defendant's motion for judgment on the pleadings was filed, Plaintiff had not amended his property schedule to identify the claim against Defendant. Plaintiff did file and Amended Chapter 13 Voluntary Petition (the "Amended Chapter 13 Petition") with an amended property schedule on September 13, 2017. In the Amended Chapter 13 Petition, Plaintiff again responded in the negative to question number thirty-three, asking whether he had any "claims against third parties, whether or not [he had] filed a lawsuit or made a demand for payment." ECF Dkt. #14-4 at 6. However, in his Amended Chapter 13 Petition, Plaintiff did change his answer to question thirty-four from "No" to "Yes." *Id.* Question thirty-four asked:

> 34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims

*Id.* When asked to describe each claim associated with an affirmative answer to question thirty-four, Plaintiff stated:

> Employment Discrimination/Wrongful Termination Lawsuit, Joseph Corradi vs Lane Funeral Homes Inc., Case No. 4:17-CV-1311 [sic]

*Id.*

Plaintiff filed a response to Defendant's motion for judgment on the pleadings on October 2, 2017. ECF Dkt. #14. The United States Bankruptcy Court granted Plaintiff's motion to appoint the attorney representing him in the instant action in his bankruptcy case on October 10, 2017. Defendant filed a reply on October 16, 2017. As of the date of this Memorandum Opinion and Order, there has been no indication on the docket for Plaintiff's bankruptcy case that the United States Bankruptcy Court will allow Plaintiff to amend his Chapter 13 Petition.

## II.    STANDARD OF REVIEW

Federal Civil Rule 12(c) provides that "[a]fter the pleadings are closed -- but early enough not to delay the trial --a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A court reviews a Rule 12(c) motion for judgment on the pleadings under the same standard as a motion to dismiss under Rule 12(b)(6). *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

Thus, "[f]or purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *McGlone v. Bell*, 681 F.3d 718, 728 (6th Cir. 2012) (quoting *JPMorgan Chase Bank, N.A., v. Winget*, 510 F.3d 577, 581 (6th Cir.2007)). Although a complaint need not contain "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Thus, a complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). And, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir.2009) (quoting *Iqbal*, 556 U.S. at 678).

## III. ANALYSIS

In the motion for judgment on the pleadings, Defendant asserts that Plaintiff's claims are barred by the doctrine of judicial estoppel. ECF Dkt. #10-1 at 5. The Court agrees. The Bankruptcy Code requires that an individual filing for bankruptcy provide "a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures [and] a statement of the debtor's financial affairs..." 11 U.S.C. § 521(a)(1). The Sixth Circuit has explained that "[t]he disclosure obligations of consumer debtors are at the very core of the bankruptcy process and meeting these obligations is part of the price debtors pay for receiving the bankruptcy discharge." *Lewis v. Weyerhaeuser Co.*, 141 Fed. Appx. 420, 421 (6th Cir. 2005) (internal citations omitted).

Plaintiff failed to comply with his disclosure obligations during his bankruptcy proceedings. Specifically, Plaintiff failed to disclose his claims against Defendant in his Chapter 13 Petition and the property schedule attached thereto. Question thirty-three, as stated above, inquired as to whether Plaintiff had any "[c]laims against third parties, whether or not you have filed a lawsuit or made demand for payment." ECF Dkt. #10-3 at 15. Question thirty-three also provided "employment disputes" and "rights to sue" as examples of the types of claims that Plaintiff was required to disclose. *Id.* Plaintiff failed to disclose any claims against Defendant even though he had filed a charge of discrimination with the EEOC in March 2016. ECF Dkt. #1-2 at 1. The language of question thirty-three in the property schedule was unambiguous when asking whether Plaintiff had any claims against third parties, including employment disputes and rights to sue. Despite actively pursing a claim with the EEOC that may, and did, result in the EEOC issuing a Dismissal and Notice of Rights informing Plaintiff that he had the right to file suit in federal court, Plaintiff answered "No" to question thirty-three, informing the United States Bankruptcy Court that he did not have any claims against third parties. *See* ECF Dkt. #10-3 at 15.

The Sixth Circuit has held that "[t]he doctrine of judicial estoppel forbids a party 'from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding." *Teledyne Industries, Inc. v. N.L.R.B.*, 911 F.2d 1214, 1217 (6th Cir. 1990) (quoting *Reynolds v. Comm'r of Internal Revenue*, 861 F.26 469, 472-73 (6th Cir. 1988)). Judicial

estoppel is applied to preserve the integrity of the courts by "preventing a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposite to suit an exigency of the moment." *Id.* at 1218. The Sixth Circuit has explained that to support a finding of judicial estoppel in the context of bankruptcy proceedings, a court must find:

(1) The debtor assumed a position that was contrary to the one asserted under oath in the bankruptcy proceedings;

(2) The bankruptcy court adopted the contrary position as either a preliminary matter or as part of a final disposition; and

(3) The debtor's omission did not result from mistake or inadvertence.

*White v. Wyndham Vacation Ownerhsip, Inc.*, 617 F.3d 472, 478 (6th Cir. 2010).

As for the first element, Plaintiff now asserts a position that is contrary to the one asserted in his bankruptcy proceedings by filing a lawsuit against Defendant, his former employer, after informing the United States Bankruptcy Court that he had no claims against third parties. The United States Bankruptcy Court adopted this contrary position when it approved Plaintiff's Chapter 13 Plan on April 20, 2017, satisfying the second element. Plaintiff does not dispute that the first two elements are satisfied. Continuing to the third element, Plaintiff contends that there is an issue as to whether the evidence shows that his omission of the instant claim from his bankruptcy petition resulted from mistake or inadvertence. ECF Dkt. #14 at 6. In determining whether a plaintiff's conduct resulted from mistake or inadvertence, courts consider whether: (1) he lacked knowledge of the factual basis of the undisclosed terms; (2) he had motive for concealment; and (3) the evidence indicates an absence of bad faith. *White*, 617 F.3d at 478.

Plaintiff claims that he relied on his bankruptcy attorney, whom he informed of the instant claim, but also recognizes that his reliance on his bankruptcy attorney does not excuse his initial omission. ECF Dkt. #14 at 10. Continuing, Plaintiff states that the Chapter 13 Plan requires him to pay one hundred percent of the amounts he owes his creditors, and thus there was no motivation to conceal his claim since he was already required to pay his debts in full. *Id.* at 7. Plaintiff argues that the record does not support a finding of bad faith because he informed the United States Bankruptcy Court of his claim by amending his property schedule to include the claim less than two weeks after Defendant filed the motion for judgment on the pleadings. *Id.* Based on this

amendment, Plaintiff claims that the timing, extent, and effectiveness of his corrective efforts indicates an absence of bad faith.

As stated above, the court considers three factors when determining whether a plaintiff's claim is subject to judicial estoppel, namely, whether: (1) he lacked knowledge of the factual basis of the undisclosed terms; (2) he had a motive for concealment; and (3) the evidence indicates an absence of bad faith. *White*, 617 F.3d at 478. In determining whether there was an absence of bad faith, courts look at the plaintiff's attempts to advise the bankruptcy court of his omitted claim. Plaintiff admits that he had knowledge of the factual basis for the instant claim when he filed his Chapter 13 Petition and Chapter 13 Plan, and that his reliance on his bankruptcy attorney does not excuse his initial omission. *See* ECF Dkt. #14 at 6. This admission is supported by the record, especially considering Plaintiff had filed a charge of discrimination with the EEOC prior to his bankruptcy proceeding. *See* ECF Dkt. #1-2.

Further, there is a motive to conceal the discrimination/retaliation claims against Defendant in this case. Plaintiff's Chapter 13 Plan includes the following provision under the section titled "Treatment of Creditors":

> 2 A.   <u>General Unsecured Claims</u> - Each creditor holding an allowed general unsecured claim shall be paid a dividend of at least 100% of the amount of the allowed claim. No interest shall be paid on any unsecured claim unless (i) specifically provided for by the Plan; and/or (ii) provided for by operation of law.

ECF Dkt. #14-2 at 2. Plaintiff's Chapter 13 Petition did not enumerate unsecured creditors entitled to interest, and Plaintiff does not mention any such creditors in his response brief. ECF Dkt. #10-3 at 20-24; ECF Dkt. #14. Accordingly, Plaintiff could have received a payment in connection with this case and then retained any amount remaining after paying the principle owed to his creditors with unsecured claims, thus avoiding paying the interest due on said claims.

Finally, the Court must look at whether the evidence indicates an absence of bad faith. The Court finds that the evidence does not indicate an absence of bad faith. The timeline surrounding the events at issue in this case is as follows:

> March 30, 2016: Plaintiff files a Charge of Discrimination against Defendant with the EEOC.[2] ECF Dkt. #1-2.
>
> March 14, 2017: Plaintiff files his Chapter 13 Petition and Chapter 13 Plan in the United States Bankruptcy Court. ECF Dkt. #10-2.
>
> March 23, 2017: The EEOC mails a Dismissal and Notice of Rights letter to Plaintiff informing him that the agency was unable to conclude that Defendant violated federal statutes and stating that he had the right to file suit within ninety days. ECF Dkt. #1-1. Plaintiff has not indicated that he failed to receive the EEOC's determination letter in a timely manner.
>
> April 20, 2017: The United States Bankruptcy Court confirms Plaintiff's Chapter 13 Plan. ECF Dkt. #10-2.
>
> June 22, 2017: Plaintiff files the instant suit. ECF Dkt. #1.
>
> August 30, 2017: Defendant files the motion for judgment on the pleadings in the instant case. ECF Dkt. #10; ECF Dkt. #10-1.
>
> September 13, 2017: Plaintiff files an amended property schedule in the United States Bankruptcy Court.[3] ECF Dkt. #14-4.

The timeline of events in this case show that Plaintiff was aware of his potential claims against Defendant during the course of his bankruptcy proceedings and when he informed the United States Bankruptcy Court that he did not have any claims against third parties. Roughly two weeks after filing his bankruptcy case, Plaintiff received a letter from the EEOC informing him that the agency was unable to determine that Defendant had violated the applicable statutes, but that Plaintiff could file suit to resolve his claims. Even after being explicitly notified of his right to sue Defendant, Plaintiff failed to inform the United States Bankruptcy Court that he may have claims against a third party that he was planning to pursue. Plaintiff then filed the instant suit on June 22, 2017, and still failed to inform the United States Bankruptcy Court of the lawsuit. At the time Defendant filed the motion for judgment on the pleadings, on August 30, 2017, over four months after the United States Bankruptcy Court confirmed his Chapter 13 Plan and over two months after he filed this lawsuit,

---

[2]Plaintiff named "Lane Family Funeral Homes" in the Charge of Discrimination. Defendant does business as "Lane Family Funeral Homes."

[3]The Court recognizes that Plaintiff's amended property schedule did not amend his answer to question thirty-three, but instead disclosed the instant case under question thirty-four. While the Court agrees with Defendant that question thirty-three is the appropriate place to disclose this case, Plaintiff's disclosure under question thirty-four would serve to, at the very least, disclose the existence of this case to the United States Bankruptcy Court and Plaintiff's creditors. *See* ECF Dkt. #14-4.

Plaintiff still had not informed the United States Bankruptcy Court that he had a claim and, subsequently, pending litigation against Defendant. Plaintiff only amended his property schedule to include the instant case on September 13, 2017, after Defendant filed the motion for judgment on the pleadings.

Consideration of the timing, extent, and effectiveness of Plaintiff's efforts to correct the initial omission in his bankruptcy proceeding does not weigh in favor of finding an absence of bad faith. *See White*, 617 F.3d at 480. Plaintiff did not amend his property schedule until long after the United States Bankruptcy Court had confirmed his Chapter 13 Plan. Further, Plaintiff received the EEOC's determination letter, imposing a ninety-day period for him to file his employment lawsuit, shortly after filing his Chapter 13 Petition and Chapter 13 Plan, and before the United States Bankruptcy Court had confirmed his plan. Instead of amending his property schedule or contacting the United States Bankruptcy Court, Plaintiff instead pursued legal claims against Defendant despite declaring to the United States Bankruptcy Court that he had no claims against any third parties. As for the extent of Plaintiff's efforts, it appears that he did disclose this case in his amended property schedule in a manner that would make the United States Bankruptcy Court and creditors aware of the litigation. Despite Plaintiff's effort in correcting the property schedule to include this case, it was minimally effective as the United States Bankruptcy Court had already confirmed his Chapter 13 Bankruptcy Plan, and opened and closed the deadline for filing claims for all creditors.

For the above stated reasons, the Court declines to find that the evidence indicates an absence of bad faith. While the evidence may not establish that Plaintiff willfully and knowing omitted the instant claim from his bankruptcy proceedings, an absence of bad faith cannot be found because the evidence establishes that Plaintiff was aware of his potential, and now current, lawsuit against Defendant, yet failed to disclose the existence of this lawsuit to the United States Bankruptcy Court. Most damaging to Plaintiff is the fact that roughly two weeks after he filed his Chapter 13 Petition and Chapter 13 Plan, the EEOC's determination letter started the ninety-day period for Plaintiff to file suit against Defendant. During these ninety days, a number of which passed before the United States Bankruptcy Court confirmed his Chapter 13 Plan, Plaintiff sought and obtained legal representation, and filed this action - all without informing the United States Bankruptcy Court of

this suit. Accordingly, all elements of judicial estoppel have been met in this case, and Plaintiff's case is dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for judgment on the pleadings (ECF Dkt. #10) is GRANTED and the instant case is DISMISSED in its entirety with prejudice.


DATE: December 7, 2017                */s/ George J. Limbert*
                                      GEORGE J. LIMBERT
                                      UNITED STATES MAGISTRATE JUDGE